UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* SHARA AMBROSECCHIA,<br><br>Plaintiffs,<br><br>v.<br><br>PADDOCK LABORATORIES, LLC, and<br>PERRIGO COMPANY, INC.,<br><br>Defendants. | No. 4:12CV2164 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Relator's Motion to Amend the Second Amended Complaint and Summons to Correct a Misnomer (ECF No. 52). Defendants have filed a response in opposition. Upon review of the motion and the related documents, the Court will grant Relator's motion.

Relator asserts that it improperly named Defendant Perrigo Company, Inc. in its Summons and Amended Complaint and seeks to name the proper party. Under Federal Rule of Civil Procedure 15(a)(2), " a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Further, an amendment relates back to the date of the original pleading when it asserts a claim that arose out of the same conduct as set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Where the amendment changes the party or the name, an amendment relates back if the time for serving the summons and complaint is within the period set forth in Fed. R. Civ. P. 4(m) and if the party being brought in had notice of the action and knew or should have known

the action would have been brought against it but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).

In the present case, Relator seeks to amend the name "Perrigo Company, Inc." to "Perrigo Company plc." Relator notes that Defendants have included a footnote in its pleadings that indicates "'Perrigo Company, Inc.' is a misnomer and the actual entity's name is 'Perrigo Company plc.' Perrigo Company plc does not waive any rights to be accurately named in the process and pleadings of the court." (Entry of Appearance, ECF No. 35) Although Defendants argue that changing the name to the proper entity, Perrigo Company plc, would add a new Defendant, the Court finds that the requirements of Fed. R. Civ. P. 15 are satisfied.

Relator asserts, and Defendants do not dispute, that Perrigo Company's name changed in 2013 after Relator instituted the *qui tam* suit. Defendants also acknowledge in their pleadings that the proper party is Perrigo Company plc. (Mem. in Support of Mot. to Dismiss n. 3, ECF No. 48) In addition, Relator states in the second amended complaint that Defendant Perrigo is an Ireland corporation and that Defendant Paddock Laboratories, LLC is a fully-owned subsidiary of that Irish corporation. (Second Am. Compl. ¶ 19, ECF No. 29) Relator asserts, however, that she was unaware that the entity's name changed. Further, Defendants do not challenge Relator's assertions that the amendment relates back to the original pleading because she filed the motion to amend within the 120 day period under Fed. R. Civ. P. 4(m), nor do they challenge Relator's contention that Defendants were aware of the suit and entered their appearances on behalf of Perrigo Company plc.

Here, the record shows that Relator sought to change the name within 120 days, as the original summons was served on December 4, 2014, and she filed the motion on March 4, 2015. In addition, although Relator mistakenly identified the wrong party, attorneys have entered their

2

appearances on behalf of the correct party, Perrigo Company plc. (Entry of Appearance, ECF No. 35) Rule 15 requires "that the plaintiff show an error concerning the identity of the proper party or that [defendant] should have known that the suit would have been brought against it but for a mistake in identifying the proper party." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000). The Court finds that Relator has satisfied the requirements of Rule 15(c)(1). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) ("relation back under Rule 15(c)(1)(C) depends on what the party to be added know or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."); *see also Nunley v. Ethel Hedgeman Lyle Acad.*, No. 4:08-CV-1664 CAS, 2010 WL 4363418, at *5 (E.D. Mo. Oct. 27, 2010) (finding defendant received notice through contact between plaintiffs' counsel and defendants' in-house counsel). Therefore, the Court finds that amendment of the Second Amended Complaint and summons to correct a misnomer is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Relator's Motion to Amend the Second Amended Complaint and Summons to Correct a Misnomer (ECF No. 52) is **GRANTED**.

Dated this  6th  day of April 2015.

  
*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**