UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* SHARA AMBROSECCHIA,<br><br>Plaintiffs,<br><br>v.<br><br>PADDOCK LABORATORIES, LLC, and<br>PERRIGO COMPANY plc,<br><br>Defendants. | No. 4:12CV2164 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Relator's Motion for Relief from Court's Memorandum and Order Dated September 23, 2015 (ECF No. 64). The motion is fully briefed and ready for disposition. For the reasons discussed herein, the motion is denied.

Relator seeks relief from this Court's Memorandum and Order dismissing Counts I-IV with prejudice based on the False Claims Act Public Disclosure Bar and dismissing the remaining claims without prejudice. (Mem. & Order of 9/23/15, ECF No. 63) Relator claims that the Memorandum and Order contains misstatements of law and fact requiring Rule 60(b) relief. Under Rule 60(b), a court may relieve a party from a final judgment for several reasons including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, inequitable prospective application, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(3), (5)-(6). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). "The district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045,

1049 (8th Cir. 2008). Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple reargument of the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Review of Relator's motion and memoranda in support indicates that Relator's Rule 60(b) motion is simply an attempt to relitigate the same issues this Court has already determined. The Relator claims that the Court's Memorandum and Order contains misstatements of law and fact, and specifically that the Court employed the wrong standard in considering Defendants' Rule 12(b)(6) motion to dismiss; analyzed documents outside the pleadings and failed to permit Relator an opportunity to present documentary evidence; mistakenly relied on *Conrad*, which was not substantially similar; failed to find Relator qualified as an original source; erroneously found the public disclosure bar applied to Perrigo; erroneously applied allegations of industry-wide conduct to bar claims against large industries; and failed to permit Relator to file an amended complaint. (Relator's Mem. in Support of Mot. for Relief p. 2, ECF No. 65)

The Court addressed these issues in its Memorandum and Order. To the extent that Relator finds the Court's judgment erroneous, a Rule 60(b) motion is not the proper vehicle for raising such objections. The Eighth Circuit "has maintained consistently that 'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.'" *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (quoting *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962)). Further, relief for judicial error other than for "'judicial inadvertence'" is not available under Rule 60(b)(1). *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000) (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)). Arguing that this Court "'misunderstood or misapplied the law is not grounds for relief under Rule 60(b)(1).'" *Delaterjera v. Bowersox*, No. 4:12-CV-1311 NAB, 2015 WL 300379, at *3

(E.D. Mo. Jan. 22, 2015) (quoting *Nichols v. United States*, No. 4:05-CV-626 WRW, 2006 WL 3420303 at *2 (E.D. Ark. Nov. 28, 2006)). In short, the Court finds that Relator has failed to identify "exceptional circumstances" which would justify Rule 60(b) relief from this Court's Memorandum and Order, and the motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Relator's Motion for Relief from Court's Memorandum and Order Dated September 23, 2015 (ECF No. 64) is **DENIED.**

Dated this 18th day of February, 2016.

*[signature]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**